IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

PIERRE A. CAMPBELL,

       Petitioner,

v.                                    Case No. 1:18-cv-01361

WARDEN, FCI McDowell,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction and direct appeal.

On May 13, 2015, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of conspiracy to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (Count 1), as set forth in a superseding indictment (*United States v. Campbell*, No. 1:13-cr-00345-CAB-16 (N.D. Ohio), ECF No. 35).

On October 1, 2015, Petitioner was sentenced to 222 months in prison, followed by a four-year term of supervised release. (*Id.*, ECF No. 1594). Petitioner's sentence included an enhancement under § 4B1.1 of the advisory United States Sentencing Guidelines ("USSG") ("the career offender enhancement") based upon two prior Ohio convictions for controlled substance offenses.[1] The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's judgment on October 31, 2016, and a mandate issued on November 29, 2016. (*United States v. Campbell,* No. 15-4139 (6th Cir.), docketed in his criminal case at ECF No. 1733).

### B.    Petitioner's post-conviction filings.

On October 17, 2018, prior to filing any § 2255 motion in his sentencing court, Petitioner filed the instant § 2241 petition in this court, challenging his career offender enhancement based upon the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Specifically, Petitioner contends that, in light of these decisions, his prior controlled substance convictions, which served as predicate offenses for the career offender enhancement, do not qualify him as a career offender and that his sentence constitutes a fundamental defect and a miscarriage of justice. He also appears to be challenging additional Guideline enhancements he received for possession of a firearm and having a leadership role in the offense without further explanation or reliance on any new case law.

---

1 Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES § 4B1.1(a) (hereinafter "USSG").

On June 30, 2020, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 again challenging his career offender enhancement on the same bases.  (Case No. 1:13-cr-00345-CAB-16 (N.D. Ohio), ECF No. 2038).  That motion is pending before the sentencing court.

## ANALYSIS

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of Ohio.   Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner did not previously file a timely § 2255 motion in his sentencing court, standing alone, will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing, which in this case is the Sixth Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

Here, Petitioner contends that the decisions in *Descamps* and *Mathis*[2] are new interpretations of statutory law, issued after his opportunity to file a direct appeal and a timely section 2255 motion and, thus, § 2255 is inadequate or ineffective to test the legality of his detention.    In his Memorandum in Support, Petitioner also relies upon *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), in which the Sixth Circuit held that a petitioner could use the savings clause to challenge the misapplication of a <u>mandatory</u> guideline provision that resulted in a miscarriage of justice.    In *Hill*, for the purposes of the petition therein, the government conceded that *Descamps* was retroactive for application in initial § 2255 motions.    Additionally, in *Hinkle*, which was a direct appeal, the Fifth Circuit, relying on *Mathis*, concluded that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline and, thus, vacated the sentence and remanded for resentencing without the career offender enhancement.

Based upon these decisions, Petitioner contends that his prior Ohio controlled substance offenses under Ohio Revised Code § 2925.03 are broader than the generic definition of a controlled substance offense under USSG § 4B1.2[3] and, thus, the career offender enhancement was misapplied in his case and, therefore, his sentence constitutes

---

2  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law. Here, Petitioner asserts that his prior convictions cannot serve as predicate convictions for the career offender enhancement under the principles set forth in *Descamps* and *Mathis*.

3  USSG § 4B1.2(b) defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.    U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (U.S. SENTENCING COMM'N 2008).

a miscarriage of justice.   Similar to the petitioner in *Hinkle*,[4] who challenged a career offender predicate offense under a Texas statute with similar wording, Petitioner contends that the Ohio statute's inclusion of an "offer to sell" as an alternative means of delivery of a controlled substance renders it broader than the generic definition of a controlled substance offense contained in USSG § 4B1.2.   *See* OHIO REV. CODE ANN. § 2925.03(A)(1) (making it unlawful to "sell or offer to sell a controlled substance or controlled substance analogue.")

Subsequent to the filing of the instant petition, the Sixth Circuit issued a series of decisions clarifying that the "offer to sell" language in § 2925.03(A)(1) is broader than the generic definition in the guideline and, thus, does not categorically qualify as a predicate controlled substance offense thereunder.   The first two cases are *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019), a direct appeal, in which the court found that "attempt crimes do not qualify as controlled substance offenses" and *United States v. Cavazos*, 950 F.3d 329, 336-37 (6th Cir. 2020), also a direct appeal, holding that offenses that include "offers to sell" are attempt crimes and, therefore, do not qualify as career offender predicates.   Then, the Sixth Circuit explicitly found that trafficking convictions under § 2925.03(A)(1) do not qualify as controlled substance offenses for purposes of calculating a career offender designation. *See United States v. Palos*, 978 F.3d 373, 374-375 (6th Cir. 2020) ("Palos's 2010 conviction for trafficking in cocaine does not qualify as a controlled substance offense in light of" *Cavazos*); *United States v. Alston*, 976 F.3d 727 (6th Cir. 2020) ("Alston's convictions under § 2925.03(A)(1) do not qualify for the career offender

---

4  Because *Hinkle* was a Fifth Circuit case, it cannot directly serve as precedent to support a change in substantive law applicable to Petitioner's case, since he was convicted in a court within the Sixth Circuit. Thus, the court must look to Sixth Circuit decisions addressing this issue.

enhancement."); *see also United States v. Carter,* No. 1:18-cr-00011, 2021 WL 3883655, at *3 (N.D. Ohio Aug. 31, 2021) (convictions under § 2925.03(A)(1) no longer qualify as predicate offenses for career offender enhancement).

However, both the Fourth and Sixth Circuits have recognized that sentencing relief under the savings clause is unavailable to prisoners who were sentenced post-*Booker*. *See Hill*, 836 F.3d at 599-600; *Cardona v. Joyner*, No. 7:20-cv-00035-GFVT, 2020 WL 2089818, at *3 (E.D. Ky. Apr. 30, 2020) (defendant re-sentenced to identical sentence under an advisory sentencing regime could not satisfy savings clause); *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).    In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the United States Sentencing Guidelines ("Guidelines") were mandatory.    *Id.* at 714.

However, the *Lester* Court explicitly noted that, had Lester's career offender misclassification occurred under the post-*Booker*, <u>advisory</u> Guidelines, which "lack legal force," his petition would have been barred as failing to meet the fourth *Wheeler* prong. *Id.* at 715 ("*Foote*[5] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").    The court found that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.*    Rather,

---

5    In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit addressed whether a claim that the defendant was misclassified as a career offender under the advisory Guidelines was cognizable under § 2255.    The *Foote* Court concluded that such a claim was not cognizable under § 2255.    784 F.3d at 932.    The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"    *Id.* at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).    The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.    *Id.* at 940, 944.

under the advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* The *Lester* Court further recognized that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716. Therefore, even if Petitioner could meet the other three prongs of *Wheeler*, because he was sentenced under advisory Guidelines, he cannot demonstrate a miscarriage of justice based upon any misapplication of the career offender enhancement, or any other Guideline enhancement, in determining his sentence.

Because Petitioner was sentenced under the post-*Booker*, advisory Guidelines, even if the career offender guideline was misapplied in his case, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong demonstrating a fundamental defect resulting in a miscarriage of justice, and, therefore, he fails to satisfy the § 2255(e) savings clause to obtain review of his claim by this court under § 2241. The same is true with respect to the other guideline enhancements summarily challenged in his petition. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's

claims contained in his section 2241 petition.   Additionally, in light of the fact that Petitioner has a § 2255 motion pending in his sentencing court, the undersigned proposes that the presiding District Judge **FIND** that transfer of this action to Petitioner's court of conviction for consideration under section 2255 would be futile.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).    A copy of such objections shall be served on Judge Faber.

     The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.


<u>September 16, 2021</u>

                                     Dwane L. Tinsley
                                     United States Magistrate Judge